RECEIVED

MAR 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| Melville K Turner<br>Letitia Turner    )<br>    )<br>    )<br>        Plaintiffs,    )<br>    )<br>    v.    )<br>    )<br>UNITED STATES (Government),    )<br>    )<br>        Defendant.    )<br>    ) | Case No: 1:06-cv-00397<br><br>**MOTION FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3), (6)** |

Plaintiffs filed this matter March 3, 2006 (dkt# 1) and perfected service on the United States Attorney General on April 3, 2006 (Dkt# 2) and the United States Attorney on April 3, 2006 (dkt# 3). Plaintiffs are not required to perfect service on the Internal Revenue Service because the Internal Revenue Service is not a party to this action.

The defendant filed a Motion to Dismiss on May 3, 2006 Dke# 5. The defendant raised the following issues in its Motion to Dismiss: (1) The Court lacks subjectmatter jurisdiction because plaintiffs failed to alledge that they had filed an administrative claim for damages; (2) Plaintiff's claim is legaly insufficient pursuant to Rule 12(b)(6); (3) Plaintiff's claim is barred by the Anit-Injunction Act; (4) Plaintiffs failed to effect proper service.

The court issued an order dated May 22, 2006 (dkt# 6) requiring plaintiffs to respond to defendant's motion to dismiss by June 12, 2006 and an order dated June 28, 2006

dismissing this matter without prejudice (dkt# 7).

Defendants counsel raised complex issues in her motion to dismiss. Plaintiffs are not attorneys and did not understand how to respond to the complex issues involved. Plaintiffs have since researched the issue and have found jurisprudence that shows that the issues raised by defendant's counsel are well settled in law in plaintiff's favor and the court committed reversable error by dismissing this matter.

Plaintiff, therefore, seeks relief from the Order of June 28, 2006, dismissing the above-captioned action on the basis that said Order was obtained by means specified in Fed.R.Civ.P 60(b)(3) and (6).

Fed.R.Civ.P 60(b) states:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ***(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; *** or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff asserts that defendant, by and with the active assistance of counsel, perpetrated a fraud upon the Court, through misrepresentation of fact, law, and legal precedent to obtain the said Order. This motion is supported by the questions, alternative questions, and supplemental questions presented herein, and discussed more fully in Plaintiff's MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3), (6), (hereinafter, "Relief Memo") and by the Exhibits incorporated therein.

## QUESTION PRESENTED

Did defendant, by and with the active assistance of counsel, misrepresent the

language of Rule 4(i), specifying the Rule's alternative method of service upon the United States by mail, and further misrepresent judicial precedent in respect of service?

## DISCUSSION

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i), the Rule under which service was effected, states:

> (1)    Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court *or by sending a copy of the summons and of the complaint by registered or certified mail* addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General...(emphasis added)

Plaintiff respectfully asserts that Congress' (and the Supreme Court's) approval of the language of Rule 4(i), specifying the Rule's alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail..." should be given weight, and that weight so given precludes dismissal of an action in which service of process was unarguably made.

As discussed more fully in Plaintiff's RELIEF MEMO, the assertion finds support in 4A Federal Practice & Procedure, and in the very cases that Counsel cites as authority:

As pointed out by the Honorable Colleen Koller-Kotelly in *Larue v. United States*, (DDC 06-61), (*accord* Charles Alan Wright & Arthur R. Miller, 4A Federal Practice & Procedure § 1106, at 151 & n.13 (2d ed.1987), and quoting therefrom,

> "[T]here is no apparent reason why a person specified in Rule 4(c), rather than plaintiff or plaintiff's attorney, should be required to mail the copies of process to be served on the Attorney General . . .")

## QUESTION PRESENTED

Did the defendant, by and with the active assistance of counsel, misrepresent the status of the Court's subject matter jurisdiction?

## DISCUSSION

As discussed more fully in Plaintiff's RELIEF MEMO, the Court's *subject matter* jurisdiction was verified by the Supreme Court in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006)[1], decided February 22, 2006, and that precedent was cited by the District Court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006),  in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny.

## QUESTION PRESENTED

Did the defendant, by and with the active assistance of counsel, misrepresent the status of the Court's subject matter jurisdiction?

## DISCUSSION

As discussed more fully in Plaintiff's RELIEF MEMO, the Court's *subject matter* jurisdiction was verified by the Supreme Court in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006)[2], decided February 22, 2006, and that precedent was cited by the District Court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006),  in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny.

## QUESTION PRESENTED

---

[1] *Arbaugh*'s effect on "failure to state a claim" is addressed below, and discussed more fully in Plaintiff's RELIEF MEMO, ¶ _____.

[2] *Arbaugh*'s effect on "failure to state a claim" is addressed below, and discussed more fully in Plaintiff's RELIEF MEMO, ¶ _____.

Was dismissal on grounds of "failure to state a claim" under Fed.R.Civ.P. 12(b)(6) premature, in the context of "notice pleadings" under Fed.R.Civ.P 8(a), *Conley v. Gibson*, 355 U.S. 41, and Fed.R.Civ.P 12(h)(2)?

## DISCUSSION

In *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), the Supreme Court examined "essential element of a claim" with respect to factual matters. *Arbaugh*, at 1240. Citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, the *Arbaugh* Court reiterated:

> "If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts."

Plaintiff asserts that the Complaint met the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), and *Conley v. Gibson*, 355 U.S. 41[3], and that defendant's Motion to Dismiss, insofar as it asserted "failure to state a claim", pre-empted the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "*administrative remedies* available " as described in IRC § 7433(d)[4], [5]. Further,

Defendant could not seriously assert prejudice by the jury's trial of the factual element, since Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a claim" any time prior to judgment, to wit:

---

[3] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[4] Plaintiff asserts that "the court" contemplated in IRC § 7433(d) comprises, for purposes of factual determinations, both the judge and the jury.

[5] The Congressional language of 7433(d) is further addressed below.

MOTION FOR RELIEF FROM ORDER OF
DISMISSAL UNDER FED.R.CIV.P. 60(b)

"A defense of failure to state a claim upon which relief can be granted...may be made in any pleading permitted or ordered under Rule 7(a)[6], or by motion for judgment on the pleadings, <u>or at the trial on the merits</u>." Fed.R.Civ.P 12(h)(2) (emphasis added)

7433(d)'s language - "unless the court determines" - in the common English to which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id., 861, calls for a determination of fact; clearly within the province of the jury. *Arbaugh,* 1240; *Reeves.* Thus, motion to dismiss on grounds of "failure to state a claim" can be, and, based upon the Congressional language, <u>is</u>, more properly brought <u>after</u> the Court (see footnote 7) has had the opportunity to make a factual determination with respect to exhaustion of <u>available</u> administrative remedies.

## QUESTION PRESENTED

Is defendant, with the active assistance of counsel, "reading into" section 7433 language that Congress had included in TBOR I, totally removed from TBOR II, and intentionally omitted from TBOR III?

## DISCUSSION

TBOR I (1988) expressly withheld jurisdiction in the absence of a prior exhaustion of administrative remedies. TBOR II, Public Law 104-168, 110 Stat. 1465 (1996) specifically removed that prior exhaustion requirement, providing for mitigation of damages in the absence of exhaustion. TBOR III (1998, in Public Law 105-206, §§ 3000, 3102) specified only that "A judgment for damages shall not be awarded under subsection (b)

---

[6]"Pleadings permitted" are limited to "complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. <u>No other pleading shall be allowed</u>, except that the court may order a reply to an answer or a third-party answer." (Emphasis added)

*unless the court determines* that the plaintiff has exhausted the administrative remedies *available* to such plaintiff within the Internal Revenue Service."   <u>26 USC § 7433(d)</u> (emphases added).

It appears that defendant's insistence (in the Motion to Dismiss, citing the regulation) that administrative remedies must be exhausted "prior to" commencement of a civil action relies solely upon language removed by Congress in 1996; no such "prior exhaustion" language was added in 7433's current incarnation.

## QUESTION PRESENTED

Is Treasury Decision 9050, 68 FR 14320, Mar. 25, 2003, in merely <u>amending</u> Treasury Decision 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, a reasonable interpretation of P.L. 105-206, § 3102 under the deferential framework of *Chevron U.S.A. Inc. v. Natural Resources Defense Council*, Inc., 467 U.S. 837?

## DISCUSSION

As discussed more fully in Plaintiff's RELIEF MEMO, Plaintiff asserts that Treasury Decision 9050 (the current 26 C.F.R. § 301.7433-1) is 1) an unreasonable interpretation of Public Law 105-206, § 3102; exceeds the authority of Public Law 105-206, § 3102 by reinserting the "may not be maintained" ("prior exhaustion") language of TBOR I; that Treasury Decision 9050  2) impermissibly extends the operation of the exhaustion requirement; that the regulation 3) frustrates Congress' intent in creating, and amending, 7433; and that it 4) effectively converts a "7433 damages" claim into a "7422 refund" claim, effecting an unauthorized "stealth repeal" of TBOR III by regulation.

## QUESTION PRESENTED

Was defendant's Anti-Injunction Act challenge frivolous, in the face of allegations

meeting at least 3 of the AIA's 14 statutory exceptions?

## DISCUSSION

The Anti-Injunction Act contains 14 specific exceptions to its prohibition:

Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Plaintiff specifically alleged, Complaint, ¶ 11, that defendant failed to provide Notice of Deficiency in accordance with IRC § 6212, arguably "within the rubric of 26 U.S.C. § 6212(a), an exception to the AIA.

Plaintiff specifically alleged, Complaint, ¶ 12, that defendant failed to give notice of the last day for filing for redetermination of such phantom deficiency in accordance with IRC § 6213, an exception to the AIA.

## EXHAUSTION REQUIREMENT

As discussed more fully in Plaintiff's RELIEF MEMO, Plaintiff has exhausted all available administrative remedies.

Based upon the foregoing, Plaintiff respectfully seeks relief from Order of dismissing the above-captioned action.

Respectfully Submitted

Dated _March 12th_ , 2007

_Melville K Turner_ (signature)
Melville K Turner

_Letitia Turner_ (signature)
Letitia Turner

# United States District Court
## IN THE DISTRICT OF COLUMBIA

Melville K Turner     )
Letitia Turner,       )  Case No: 1:06-cv-00397
            )
    Plaintiffs,    )  **MEMORANDUM IN SUPPORT OF**
 v.          )  **MOTION FOR RELIEF FROM**
            )  **ORDER OF DISMISSAL UNDER**
UNITED STATES (Government), )  **FED.R.CIV.P. 60(b)(3), (6)**
            )
    Defendant.    )

  Plaintiffs filed this matter March3, 2006 (dkt# 1) and perfected service on the United

States Attorney General on April 3, 2006 (Dkt# 2) and the United States Attorney on April

3, 2006 (dkt# 3).  Plaintiffs are not required to perfect service on the Internal Revenue

Service because the Internal Revenue Service is not a party to this action.

  The defendant filed a Motion to Dismiss on May 3, 2006 Dke# 5.  The defendant

raised the following issues in its Motion to Dismiss: (1) The Court lacks subjectmatter

jurisdiction because plaintiffs failed to alledge that they had filed an administrative claim

for damages; (2) Plaintiff's claim is legaly insufficient pursuant to Rule 12(b)(6); (3)

Plaintiff's claim is barred by the Anit-Injunction Act; (4)  Plaintiffs failed to effect proper

service.

  The court issued an order dated May 22, 2006 (dkt# 6) requiring plaintiffs to respond

to defendant's motion to dismiss by June 12, 2006 and an order dated June 28, 2006

dismissing this matter without prejudice (dkt# 7).

Defendants counsel raised complex issues in her motion to dismiss. Plaintiffs are not attorneys and did not understand how to respond to the complex issues involved. Plaintiffs have since researched the issue and have found jurisprudence that shows that the issues raised by defendant's counsel are well settled in law in plaintiff's favor and the court committed reversable error by dismissing this matter.

Plaintiff, therefore, seeks relief from the Order of June 28, 2006, dismissing the above-captioned action on the basis that said Order was obtained by means specified in Fed.R.Civ.P 60(b)(3) and (6).

Fed.R.Civ.P 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ***(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; *** or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff asserts in the Motion that defendant, by and with the active assistance of counsel, perpetrated a fraud upon the Court, through misrepresentation of fact, law, and legal precedent, to obtain the said Order.  This motion is supported by the questions, alternative questions, and supplemental questions presented in the Motion which this MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3), (6), (hereinafter, "Motion") and the Exhibits incorporated herein, support.

## QUESTION PRESENTED

Did defendant, by and with the active assistance of counsel, misrepresent the

language of Rule 4(i), specifying the Rule's alternative method of service upon the United States by mail?

## ADDITIONAL QUESTION PRESENTED

Did defendant, by and with the active assistance of counsel, misrepresent judicial precedent in respect of service?

## DISCUSSION

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i), the Rule under which service was effected, states:

> (1)    Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court *or by sending a copy of the summons and of the complaint by registered or certified mail* addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General...(emphasis added)

As discussed briefly in Plaintiff's Motion, and more fully discussed immediately below, Plaintiff respectfully asserts that Congress' (and the Supreme Court's) approval of the language of Rule 4(i), specifying the Rule's alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail..." should be given weight, and that weight so given precludes dismissal of an action in which service of process was unarguably made.

The Rules of Court are prescribed by the Supreme Court, but authorized by Congress, 28 USC § 2072, Pub. L. 100–702, title IV, § 401(a), Nov. 19, 1988, 102 Stat.

4648; amended Pub. L. 101–650, title III, §§ 315, 321, Dec. 1, 1990, 104 Stat. 5115, 5117[1]

and are subject to Congress' approval. 28 USC § 2074, Pub. L. 100–702, title IV, § 401(a),

Nov. 19, 1988, 102 Stat. 4649. Congress approved the language of Rule 4(i), which omits

the qualification(s) Congress approved in Rule 4(c)(2). As pointed out by the Honorable

Colleen Koller-Kotelly in *Larue v. United States*, (DDC 06-61), (*accord* Charles Alan Wright

& Arthur R. Miller, 4A Federal Practice & Procedure § 1106, at 151 & n.13 (2d ed.1987),

and quoting therefrom,

> "[T]here is no apparent reason why a person specified in Rule 4(c), rather
> than plaintiff or plaintiff's attorney, should be required to mail the copies of
> process to be served on the Attorney General . . .")

Wright and Millers's observation that "[T]here is no apparent reason..." supports

Plaintiff's assertion that service made under Rule 4(i) is sufficient.

Plaintiff's assertion, and the observation in 4A Federal Practice & Procedure § 1106,

at 151 & n.13, finds further support in scrutiny of the very cases that defendant has cited

as authority for challenging  propriety of service by mail:

## QUESTION PRESENTED

Did the defendant, by and with the active assistance of counsel, misrepresent the

status of the Court's subject matter jurisdiction?[2]

---

[1] A prior section 2072, acts June 25, 1948, ch. 646, 62 Stat. 961; May 24, 1949, ch. 139, § 103, 63
Stat. 104; July 18, 1949, ch. 343, § 2, 63 Stat. 446; May 10, 1950, ch. 174, § 2, 64 Stat. 158; July
7, 1958, Pub. L. 85–508, § 12(m), 72 Stat. 348; Nov. 6, 1966, Pub. L. 89–773, § 1, 80 Stat. 1323,
authorized the Supreme Court to prescribe rules of civil procedure, prior to repeal by Pub. L.
100–702, §§ 401(a), 407, effective Dec. 1, 1988.

[2] The Court's *in lieu* dismissal for failure to state a claim is addressed below.

## DISCUSSION

The Court is clearly aware that *subject matter* jurisdiction was verified by the Supreme Court in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), decided February 22, 2006, and that precedent was cited by the District Court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny.  Arbaugh was decided February 22, 2006, and preceded defendant's motion to dismiss, yet defendant, with the active assistance of counsel, presented "lack of subject matter jurisdiction" as a primary ground for dismissal, demonstrating at least minimal contempt for the findings of this Court. That such contempt resulted in an erroneous order is made clear by recent Supreme Court jurisprudence.

## QUESTION PRESENTED

Was dismissal for "failure to state a claim" under Fed.R.Civ.P. 12(b)(6) premature, in the context of "notice pleadings" under Fed.R.Civ.P 8(a), *Conley v. Gibson*, 355 U.S. 41, and Fed.R.Civ.P 12(h)(2)?

## DISCUSSION

In *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), the Supreme Court examined "essential element of a claim" with respect to factual matters.  *Arbaugh*, at 1240.

This Court (*Turner, etc.*) has already determined that "exhaustion" is a factual issue, and the Court dismissed upon defendant's assertion that Plaintiff failed to plead exhaustion.  However, Plaintiff was under no obligation to so plead.

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

"Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

Plaintiff asserts that the Verified Complaint met the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[3], and reiterated in *Jones*.

Writing for the Court, the Chief Justice explained that,

"The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

IRC section 7433, as amended by TBOR III, is silent on the issue whether exhaustion must be pleaded. The *Jones* Court also reiterated:

"Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[4]

and,

"Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Defendant, a fiction of law, is bound by such law, and by the Federal Rules of Civil Procedure. Neither the Taxpayer Bill of Right III, nor Rule 8, requires Plaintiff to "demonstrate", "plead" or otherwise "assert" exhaustion; defendant must, in "the usual

---

[3] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[4] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)

practice", raise such matter as an <u>affirmative defense</u>, and "place before the jury sufficient proof to generate a jury instruction on the particular defense theory sought"[5], and, notwithstanding recent cases dismissing on grounds of "failure to state a claim", the *Arbaugh* Court, citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, reiterated:

> "If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts."

The jury is the proper trier, *Arbaugh*; *Reeves*, of the "'short and plain statement of the claim' in a complaint..." Federal Rule of Civil Procedure 8(a), *Conley*; and of any affirmative defense. *Jones.*

Pretrial dismissal for "failure to state a claim", pre-empted the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "*administrative remedies available* " as described in 7433(d)'s language; "unless the court determines" - in the common English to which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id., 861 - calls for a determination of fact; clearly within the province of the jury.[6]

## QUESTION PRESENTED

Is defendant, with the active assistance of counsel, "reading into" section 7433

---

[5]UNDERSTANDING AFFIRMATIVE DEFENSES, David Beneman, Maine CJA Resource Counsel, Levenson, Vickerson & Beneman

[6]    Defendant could not seriously assert prejudice by the jury's trial of the factual element, since the jury could, upon examination of all relevant facts, find that available remedies were not exhausted; Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a claim" any time prior to judgment, to wit:

> "A defense of failure to state a claim upon which relief can be granted...may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, <u>or at the trial on the merits</u>." Fed.R.Civ.P 12(h)(2) (emphasis added)

language that Congress had included in TBOR I, totally removed from TBOR II, and intentionally omitted from TBOR III?

## DISCUSSION

The first Taxpayer Bill of Rights (TBOR I, 1988) expressly withheld jurisdiction in the absence of a prior exhaustion of administrative remedies, but was silent on the issue whether exhaustion must be pleaded. TBOR II, Public Law 104-168, 110 Stat. 1465 (1996) specifically removed TBOR I's prior exhaustion requirement, providing for mitigation of damages in the absence of exhaustion; TBOR II was also silent on the issue whether exhaustion must be pleaded. TBOR III (1998, in Public Law 105-206, §§ 3000, 3102) specified only that "A judgment for damages shall not be awarded under subsection (b) *unless the court determines* that the plaintiff has exhausted the administrative remedies *available* to such plaintiff within the Internal Revenue Service." 26 USC § 7433(d) (emphases added), and remained silent on the issue whether exhaustion must be pleaded.

It appears that defendant's insistence (in the Motion to Dismiss, citing the regulation) that administrative remedies must be exhausted "prior to" commencement of a civil action relies solely upon language removed by Congress in 1996; no such "prior exhaustion" language was added in 7433's current incarnation, and also remained silent on the issue whether exhaustion must be pleaded.

## SUBSUMED QUESTION PRESENTED

Is Treasury Decision 9050, 68 FR 14320, Mar. 25, 2003, in merely amending Treasury Decision 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, a

reasonable interpretation of P.L. 105-206, § 3102 under the deferential framework of *Chevron U.S. A. Inc. v. Natural Resources Defense Council*, Inc., 467 U.S. 837?

## DISCUSSION

As shown in Title 26 of the Code of Federal Regulations, IRS failed to prescribe the administrative procedure necessary to give effect to section 7433, as originally added, for over three years after Congress enacted TBOR I.  Treasury Decision 8392, 57 FR 3536, necessary from and after November 10, 1988, was not promulgated until January 30, 1992, and it appears that the regulation was ineffective until February 18, 1992. "Remedy", under the 1988 Act was unavailable until 1992.

In respect of Congress' removal of the jurisdictional prohibition in TBOR II (1996), Plaintiff has been unable to find an amended final regulation, but was able to find the "Notice of proposed rulemaking" discussing TBOR II, attached as Exhibit 1, and incorporated by reference.  The "Notice of proposed rulemaking"  clearly shows that IRS was aware of Congress' removal of the jurisdictional prohibition.

It must be noted that Treasury Decision 9050, as published, 68, FR 14320, purported to amend Treasury Decision 8392 (the 1992 regulation) indicating that no "final" regulation implementing the 1996 Act (TBOR II) ever became effective.

Treasury Decision 9050 was itself not effective until March 25, 2003, more than four years and nine months after Congress' enactment of P.L. 105-206, § 3102 (TBOR III).  In fact, the regulation was not even proposed until March 5, 2002.  Federal Register: Volume 67, Number 43, Page 9929-9934.  "Remedy", under the 1998 Act was unavailable until 2003.

This period of "unavailability" of administrative remedy provides the context in which the March 25, 2003 version of the regulation re-implements TBOR I's "prior administrative exhaustion" requirement, without the statutory framework necessary to such re-implementation.

Plaintiff asserts that Treasury Decision 9050 (the current 26 C.F.R. § 301.7433-1) is 1) an unreasonable interpretation of Public Law 105-206, § 3102; 2) exceeds the authority of Public Law 105-206, § 3102 by reinserting the "may not be maintained" ("prior exhaustion") language of TBOR I; 3) impermissibly extends the operation of the exhaustion requirement; 4) frustrates Congress' intent in creating, and amending, 7433; and that it 5) effectively converts a "7433 damages" claim into a "7422 refund" claim, effecting an unauthorized "stealth repeal" of TBOR III by regulation.

THE REGULATION IS AN UNREASONABLE INTERPRETATION

The current regulation requires that an injured Citizen wait up to six months for a ruling on an administrative claim before bringing a civil suit, failing, even under the deferential framework of *Chevron U.S. A. Inc. v. Natural Resources Defense Council*, Inc., 467 U.S. 837, the standard of reasonable interpretation of a statute, and is intended to frustrate a 7433 Plaintiff, to wit:

Few people, if any at all, could withstand the six month period for reasons known to, and published by, the National Taxpayer Advocate.[7] This <u>half-year</u> waiting period is extreme. In almost every other instance, IRS is limited to (and may limit to) 30 days. Examples include Collection Due Process Hearing requests (30 days, imposed by

---

[7]SEE: excerpts from NATIONAL TAXPAYER ADVOCATE 2005 ANNUAL REPORT TO CONGRESS, attached and incorporated by reference.

Congress); pre-Notice of Deficiency letters (30 days);  even the opportunity to petition for redetermination of a Notice of Deficiency has a window of only 90 days.  Yet IRS chose to give itself 183 days to decide upon an administrative damages claim, asserting, in some instances, the need for time to gather and review its records in relation to the claim.  This assertion is clearly shown as false by the sworn testimony of IRS Records Custodian Robert Dean in UNITED STATES OF AMERICA, v. RICHARD MAYNOR BLACKSTOCK, CASE NO. 06-CR-62-TCK[8]. Exhibit 2.  According to Dean's sworn testimony, IRS can "get access to any records that are filed anywhere in the United States."  Records Custodian Dean's testimony establishes that records can be "gathered" in a matter of moments, certainly within a day; it is incomprehensible that it could take an additional 182 days to review those records.

THE REGULATION EXCEEDS THE AUTHORITY OF THE STATUTE

In construing 7433's current incarnation, the starting point must be the language employed by Congress.  In *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997), the Court stated, as it has before:

> Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous and "the statutory scheme is coherent and consistent." United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 240 (1989); see also Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-254 (1992). [519 U.S. 341]

See also:  *Reiter v Sonotone Corp.*, 442 US 330, 337, 60 L Ed 2d 931, 99 S Ct. 2326 (1979) and the courts must assume that the legislative purpose is expressed by the

---

[8] See: TRANSCRIPT OF PROCEEDINGS, JUNE 19, 2006, p.4, lines 3 through 10.

ordinary meaning of the words used. *Richards v United States*, 369 US 1, 9, 7 L Ed 2d 492, 82 S Ct. 585 (1962). 7433's current language must ordinarily be regarded as conclusive, *Consumer Product Safety Comm'n v GTE Sylvania, Inc.*, 447 US 102, 108, 64 L Ed 2d 766, 100 S Ct. 2051 (1980), and unless Congress has clearly indicated that its intentions are contrary to the words it employed in the statute, this is the ending point of interpretation. *Fuller v. United States*, 615 F. Supp. 1054 (D.C. Cal 1985; quoting Richards v. United States, supra.

TBOR III, found in section 3102 of the IRS Restructuring and Reform Act of 1998, specifically omits the "prior exhaustion" requirement previously found in TBOR I. Section 7433, as re-amended by TBOR III, is <u>silent</u> with respect to bringing or maintaining a 7433 action, and <u>silent</u> on the issue whether exhaustion must be pleaded. The revision states no more than "...no judgment shall be awarded unless the Court <u>determines</u> that administrative remedies <u>available</u> have been exhausted." Treasury Decision 9050 purports to completely thwart the Court's jurisdiction ("no suit may be maintained") in excess of the statutory mandate. To that extent, the "amendment" of the regulation in Treasury Decision 9050 exceeds the reach of the statute. (Emphases added)

As noted above, "unless the court determines" relates to a factual issue, within the province of a jury; the factual determination necessarily includes the extent to which any administrative remedy is "available".

AVAILABILITY OF REMEDY

A comprehensive history of IRC § 7433 was published by the American Bar Association, and Plaintiff respectfully directs the Court's attention to what the Bar had to

say about the re-amendment:

> "[F]ew pro se plaintiffs have actual notice of the process established by Treasury Regulation section 301.7433-1. Congress should understand many people's distrust of the ability of the IRS to proceed with their claims..."

As discussed below, the Bar's recognition that "few pro se plaintiffs have actual notice of the process" directly addresses "availability" of remedy, as shown by IRS' published policy regarding return of amounts unlawfully collected. Internal Revenue Service Policy P-5-36, published in the Internal Revenue Manual, at 1.2.1.5.9, is to refrain from returning amounts unlawfully collected. P-5-36 states:

> "(1)    Returning money wrongfully collected: This Policy Statement has been revoked."

Thus, even if IRS has collected unlawfully, and knows it, whatever Policy might have existed was revoked. The administrative remedy of filing a claim to recover unlawfully collected amounts is clearly unavailable when the Service Policy on such matters has been revoked.

REGULATION IMPERMISSIBLY CONVERTS DAMAGES ACTION INTO REFUND ACTION

By requiring that Plaintiff(s) (claimants) place a specific value upon injuries claimed, the regulation effectively neuters the statutory provision in instances where, as alleged in Plaintiff(s) complaint, IRS denies a meaningful Collection Due Process Hearing; a "collection" might not yet have occurred, yet Plaintiff's right to challenge the existence of the underlying liability - established in the statutory provision (6330(c)(2)(B)) - is thwarted.

THE REGULATION FRUSTRATES CONGRESS' INTENT

TBOR I, TBOR II, and TBOR III (RRA '98, § 3102) are testaments of Congress'

awareness that IRS cannot be trusted to administer the tax code without supervision. Indeed, in the words of former Deputy Assistant Secretary of Treasury Bradford DeLong, now a Professor at University of California, Berkeley,

> "The IRS's comparative advantage is using random terror to elicit voluntary compliance with the tax code…".

Congress intended that Citizens harmed by IRS' legendary disregard of governing statutes and regulations have an avenue to be made whole.  Once again, the Congressional "key" is availability of the administrative remedy.  If the Court makes a factual determination (province of the jury) that an administrative remedy is effectively unavailable, it need not be pursued.

The Supreme Court in *Morton v. Ruiz*, 415 U.S. 199 (1974), opined, at 235:

> Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required. Service v. Dulles, 354 U.S. 363, 388 (1957); Vitarelli v. Seaton, 359 U.S. 535, 539-540 (1959).

As established in the Code of Federal Regulations, IRS refused to even establish procedures for four years after the right to bring an action was granted by Congress, and currently imposes a prohibitive provision omitted by Congress.  Administrative remedy, arguably available in form, is effectively unavailable in substance, as evidenced by Exhibits 3 through 9, Treasury Inspector General Tax Administration reports, mandated in RRA '98, section 1102, failing to show a single instance of IRS granting an administrative claim for damages.  The TIGTA Reports, spanning at least 5 years, are attached and incorporated by reference.

As stated by the *Morton Court*:

The agency power to make rules that affect substantial individual rights and obligations carries with it the responsibility not only to remain consistent with the governing legislation, *FMC v. Seatrain Lines, Inc.*, 411 U.S. 726 (1973); *Dixon v. United States*, 381 U.S. 68, 74 (1965); *Brannan v. Stark*, 342 U.S. 451 (1952), but also to employ procedures that conform to the law. See *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 764 (1969) (plurality opinion).

Treasury Decision 9050 fails to remain consistent with P.L 105-206 section 3102, *FMC v. Seatrain Lines, Inc.*, *Dixon v. United States*, *Brannan v. Stark*, and the procedures therein fail to conform to the law. *NLRB v. Wyman-Gordon Co.*

Lack of specific attention to the statutory authorization is especially important in light of the Supreme Court's pronouncement in *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944), quoted in *Adamo Wrecking Co. v. United States*, 434 U.S. 275, 287 n. 5 (1978), and cited in *SEC v. Sloan*, 436 U.S. 103 (1978), specifying that factors to be considered in giving weight to an administrative ruling include "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *SEC v. Sloan*, 436 U.S. 103, 117-118.

The regulation itself is the best evidence of "Lack of specific attention to the statutory authorization" (Skidmore) and failure of "thoroughness...in its consideration" (Sloan). In 301.7433-1's subsection (a), "An action for damages...may not be maintained...", notwithstanding Congress' omission of a "prior exhaustion" requirement; paragraph (1) thereof changes, "reckless or intentional actions" to "reckless or <u>international</u> actions..." (emphasis added).

Treasury Decision 9050 fails to remain consistent with P.L 105-206 section 3102;

the procedures therein fail to conform to the law, and the regulation fails "all those factors which give it power to persuade." *SEC v. Sloan*, 436 U.S. 103, 117-118.

Reviewing courts are not obliged to stand aside and rubber-stamp their affirmance of administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying a statute. Such review is always properly within the judicial province, and courts would abdicate their responsibility if they did not fully review such administrative decisions. *National Labor Relations Board v. Brown*, 380 U.S. 278, 291-292.

### QUESTION PRESENTED ON PREJUDICIAL FOOTNOTE

Are "general allegations", in the context of the Fed.R.Civ.P 8(a) "notice Pleadings" Rule, as interpreted in *Conley v. Gibson*, 355 U.S. 41, and reiterated in *Jones v Bock*, ___ U.S. _____, (Decided: January 22, 2007) (purportedly made by a multitude of Plaintiffs), sufficient to establish a presumption of a pattern of unlawful activity?

### DISCUSSION

Defendant, by and with the assistance of counsel, raised by footnote the issue that the allegations in the instant case are similar, if not identical, to dozens of other cases filed to this Court. Plaintiff, concerned only with the instant case, asserts that any alleged similarity of allegations in other cases is irrelevant in respect of the instant case, and draws the Court's attention to the fact that the alleged redundancy of such "general allegations", especially in the numbers asserted by defense counsel, strongly indicates a pattern of unlawful activity on the part of defendant's agency. As contemplated in the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961(5):

(5) "pattern of racketeering activity" requires at least two acts of racketeering activity[9], one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity

Acts generally complained of in the Verified Complaint in the instant case arguably include, or necessarily lead, if true, to the requisite two (2) acts listed in 18 U.S.C. § 1961(1), such as 1) extortion, in forcing Plaintiff to make financial "arrangements" to avoid attack on property, and acts indictable under Title 18, United States Code: §§ 1028, 1341, 1343, 1344, 1503, 1510, 1511, 1512, 1513, and 1951, if committed by any other person, 18 U.S.C. § 1961(3) or enterprise 18 U.S.C. § 1961(4).

If, as defendant asserted, this case is "one of over 70 known cases", is the Court not obligated to refer such apparent pattern of activity for investigation?

## QUESTION PRESENTED

Was counsel's assertion with respect to the Anti-Injunction Act (AIA) a fraud upon the Court?

## DISCUSSION

---

[9] As used in Title 18, Chapter 96-
(1) "racketeering activity" means (A) any act or threat involving…extortion; (B) any act which is indictable under … title 18, United States Code: section 1028 (relating to fraud and related activity in connection with identification documents), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), sections 1581-1591 (relating to peonage, slavery, and trafficking in persons), section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering) …(F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens),

Counsel asserted (and the Court accepted the assertion) that the AIA prohibits the Court from enjoining defendant's agents/agency from *further* disregarding statute(s) and regulation(s) in exercising delegated authority. As noted by by the Honorable Colleen Koller-Kotelly in *Larue v. United States*, (DDC 06-61),

> The Anti-Injunction Act provides, in relevant part:
>
> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed. 26 U.S.C.
>
> § 7421(a).

*Larue* also reiterated that the Anti-Injunction Act "could scarcely be more explicit" (quoting Bob Jones Univ. v. Simon, 416 U.S. 725, 736, 94 S. Ct. 2038, 40 L. Ed. 2d 496 (1974)).

Plaintiff specifically alleged in the Verified Complaint that defendant failed to provide Notice of Deficiency in accordance with IRC § 6212, arguably "within the rubric of 26 U.S.C. § 6212(a), which states:

> "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office."

*Larue v. United States*, (DDC 06-61).

Plaintiff specifically alleged in the Verified Complaint that defendant failed to give notice of the last day for filing for redetermination of such phantom deficiency in accordance with IRC § 6213, arguably "within the rubric" (*Larue*) of 26 U.S.C. § 6213(a).

Section 6213(a) provides that "[n]otwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court[.]" 26 U.S.C. § 6213(a).

At least two of the Anti-Injunction Act's exceptions apply to allegations contained in my Verified Complaint.

Plaintiff contends that defendant's Anti-Injunction Act argument, in the face of clear exceptions to the operation of the AIA, was fraudulently intended to "reinstate" the failed subject matter jurisdiction argument in spite of the Supreme Court's *Arbaugh* decision.

### EXHAUSTION REQUIREMENT

Plaintiff has exhausted all available administrative remedies by sending a Verified Administrative Claim to the Internal Revenue Service, Area 12, Area Director Seattle, 915 Second Avenue, Seattle, WA 98174, Attn: Compliance Technical Support Manager, received by the IRS on August 7, 2006, Cert. Mail #70051160000250945436. More than 6 months have passed and plaintiff has not received a response. Therefore the aforementioned Verified Administrative Claim is deemed denied. The aforementioned claim meets all requirements of the regulation[10]. Thus. Plaintiff's standing and this court's subject matter jurisdiction over plaintiff's complaint are established pursuant to the IRS' denial of plaintiff's administrative claim. Such denial constitutes an express waiver of defendants' sovereign immunity and a specific invitation for plaintiff to bring this action pursuant to 26

---

[10] Pursuant to the aforementioned Verified Administrative Claim plaintiff(s) has/have exhausted all available administrative remedies and is/are officially barred from any further administrative appeal, review, relief and/or remedy.

U.S.C. §7433.

Based upon the foregoing, Plaintiff respectfully seeks relief from Order of (date),

dismissing the above-captioned action.

Respectfully Submitted

Dated _March 12th_ , 2007

_Melville K Turner_                    _Letitia Turner_
Melville K Turner                    _Letitia Turner

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Pat S Genis
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated _March 12th_ , 2007

_Melville K Turner_
Melville K Turner

[4830-01-u]
DEPARTMENT OF THE TREASURY
Internal Revenue Service
26 CFR Part 301
[Reg-251502-96]
RIN  1545-AU68
Civil Cause of Action for Certain Unauthorized Collection Actions
AGENCY:   Internal Revenue Service (IRS), Treasury.
ACTION:   Notice of proposed rulemaking.
SUMMARY:   This document contains proposed regulations relating to
civil causes of action for damages caused by unlawful collection
actions of officers and employees of the Internal Revenue Service
(IRS).   The proposed regulations reflect amendments made by the
Taxpayer Bill of Rights 2.   The proposed regulations affect all
taxpayers who file civil actions for damages caused by unlawful
collection actions of officers or employees of the IRS.
DATES:   Written comments and requests for a public hearing must
be received by March 31, 1998.
ADDRESSES:   Send submissions to:   CC:DOM:CORP:R (Reg-251502-96),
room 5226, Internal Revenue Service, POB 7604, Ben Franklin
Station, Washington, DC 20044.   Submissions may be hand delivered
between the hours of 8 a.m. and 5 p.m. to:   CC:DOM:CORP:R (Reg-
251502-96), Courier's Desk, Internal Revenue Service, 1111
Constitution Avenue NW., Washington DC.   Alternatively, taxpayers
may submit comments electronically via the Internet by selecting
the "Tax Regs" option on the IRS Home Page, or by submitting

comments directly to the IRS Internet site at
http://www.irs.ustreas.gov/prod/tax_regs/comments.html.
FOR FURTHER INFORMATION CONTACT:   Kevin B. Connelly, (202) 622-
3640 (not a toll-free number).
SUPPLEMENTARY INFORMATION:
Background
        This document contains proposed amendments to the Procedure
and Administration Regulations (26 CFR part 301) relating to
civil actions for damages caused by ░░░░░░░░░░░░░░░░░░░░░░░
of officers or employees of the IRS.   The Taxpayer Bill of Rights
2 (TBOR2), Public Law 104-168, 110 Stat. 1465 (1996), amended
section 7433 of the Internal Revenue Code of 1986 (Code) by
raising the cap on the amount a taxpayer may be awarded for
damages caused by unlawful collection actions from $100,000 to
$1,000,000.  ░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░
░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░
░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░
░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░      The proposed regulations reflect these
changes.
Explanation of Provision
        Section 801 of TBOR2 amended section 7433(a) of the Code by
increasing from $100,000 to $1,000,000 the cap on the amount of
damages that a taxpayer may recover in Federal district court
from the United States for damages caused by any unauthorized
collection actions of an officer or employee of the IRS occurring
after July 30, 1996.  ░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░
░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░
░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░      In actions filed prior
to the enactment of TBOR2, the failure to exhaust administrative
remedies was a jurisdictional bar to an action.   The proposed
regulations reflect the changes made by TBOR 2.
        The regulations that are being amended by these proposed
regulations currently provide that administrative remedies shall
be considered exhausted on the earlier of: (1) the date the
decision is rendered by the IRS on an administrative claim for
damages filed in accordance with the manner and form set forth in
the regulations; or (2) the date six months after the date an
administrative claim is filed in accordance with the manner and
form set forth in the regulations.   26 CFR §301.7433-1(d).   An
exception to this rule is provided with respect to civil actions
filed in federal district court prior to July 31, 1996.   Under
this exception, if an administrative claim is filed during the
last six months of the period of limitations for filing a civil
action for damages under section 7433 of the Code, administrative
remedies shall be considered exhausted on the date the
administrative claim is filed.   The exception was included in the
current regulations because, prior to the enactment of TBOR2,
the failure to exhaust administrative remedies was a
jurisdictional bar to an action.   Without the exception, if a
taxpayer filed an administrative claim during the last six months

of the period of limitations and the IRS did not consider the claim before the limitations period expired, the taxpayer automatically would have been barred from filing suit.  These provisions still apply to actions that were filed on or before July 30, 1996, the enactment date of TBOR2.

Since the enactment of TBOR2, the failure to exhaust administrative remedies is just one factor the court may consider in determining whether to reduce an award of damages.  Pursuant to the notice of proposed rulemaking, if a taxpayer waits until the last six months of the period of limitations to file an administrative claim, the IRS does not reach a determination before the limitations period expires, and the taxpayer files a timely action under section 7433, the court may consider the facts and circumstances of the case and decide what effect the late filing of the claim should have on the amount of damages awarded.

The proposed manner and form for filing an administrative claim for damages remain the same as those set forth in the current regulations at 26 CFR 301.7433-1(e)(1) and (2).  The claim must be sent in writing to the district director (marked for the attention of the Chief, Special Procedures Function) of the district in which the taxpayer resides.  The claim must include: (1) the name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim; (2) the grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service); (3) a description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence); (4) the dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and (5) the signature of the taxpayer or duly authorized representative.

The notice of proposed rulemaking does not have a new effective date paragraph because amended paragraphs (a), (d), and (e) set forth the effective dates of the new statutory provisions as well as the statutory provisions they are replacing.

Special Analyses

It has been determined that this notice of proposed rulemaking is not a significant regulatory action as defined in EO 12866.  Therefore, a regulatory assessment is not required. It also has been determined that section 553(b) of the Administrative Procedure Act (5 U.S.C. chapter 5) does not apply to these regulations, and because the regulation does not impose a collection of information on small entities, the Regulatory Flexibility Act (5 U.S.C. chapter 6) does not apply.  Pursuant to section 7805(f) of the Internal Revenue Code, this notice of proposed rulemaking will be submitted to the Chief Counsel for

Advocacy of the Small Business Administration for comment on its impact on small business.

Comments and Requests for a Public Hearing

Before these proposed regulations are adopted as final regulations, consideration will be given to any written comments that are submitted timely (a signed original and eight (8) copies) to the IRS.  All comments will be available for public inspection and copying.  A public hearing may be scheduled if requested in writing by a person that timely submits written comments.  If a public hearing is scheduled, notice of the date, time, and place for the hearing will be published in the Federal Register.

Drafting Information

The principal author of these regulations is Kevin B. Connelly, Office of Assistant Chief Counsel (General Litigation) CC:EL:GL, IRS.  However, other personnel from the IRS and Treasury Department participated in their development.

List of Subjects in 26 CFR Part 301

Employment taxes, Estate taxes, Excise taxes, Gift taxes, Income taxes, Penalties, Reporting and recordingkeeping requirements.

Proposed Amendments to the Regulations

Accordingly, 26 CFR part 301 is proposed to be amended as follows:

PART 301--PROCEDURE AND ADMINISTRATION

Paragraph 1.  The authority citation for part 301 continues to read in part as follows:

Authority:  26 U.S.C. 7805 * * *

Par. 2.  In §301.7433-1, paragraphs (a), (d), (e), and (f) are revised to read as follows:

§301.7433  Civil cause of action for certain unauthorized collection actions.

(a) In general.  If, in connection with the collection of a federal tax with respect to a taxpayer, an officer or an employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code, such taxpayer may bring a civil action for damages against the United States in federal district court.  The taxpayer has a duty to mitigate damages.  The total amount of damages recoverable is the lesser of $1,000,000 ($100,000 if the act giving rise to damages occurred before July 31, 1996) or the sum of--

(1) The actual, direct economic damages sustained as a proximate result of the reckless or intentional actions of the officer or employee; and

(2) Costs of the action.
* * * * *

(d) Exhaustion of administrative remedies in suits brought prior to July 31, 1996--(1) General.  With respect to civil actions filed in federal district court prior to July 31, 1996, no action may be maintained before the exhaustion of administrative remedies.  Administrative remedies are exhausted on the earlier of the following dates--

(i) The date the decision is rendered on an administrative

claim filed in accordance with paragraph (f) of this section; or
(ii) The date six months after the date an administrative
claim is filed in accordance with paragraph (f) of this section.
(2)  Exception.  If an administrative claim is filed in
accordance with paragraph (f) of this section during the last six
months of the period of limitations described in paragraph (g) of
this section, the taxpayer may file an action in federal district
court any time after the administrative claim is filed and before
the expiration of the period of limitations.
(3)  No action in federal district court for any sum in
excess of the dollar amount sought in the administrative claim.
With respect to civil actions filed in federal district court
prior to July 31, 1996, no action may be instituted for any sum
in excess of the amount (already incurred and estimated) of the
administrative claim filed under paragraph (f) of this section,
except where the increased amount is based upon newly discovered
evidence not reasonably discoverable at the time the
administrative claim was filed, or upon allegation and proof of
intervening facts relating to the amount of the claim.
(e) Exhaustion of administrative remedies in suits brought
after July 30, 1996--(1) General.  With respect to civil actions
filed in federal district court after July 30, 1996, the amount
of damages awarded under paragraph (a) of this section may be
reduced if the court determines that the taxpayer has not
exhausted the administrative remedies available within the
Internal Revenue Service.
(2) Administrative remedies exhausted.  Administrative
remedies shall be considered exhausted on the earlier of--
(i) The date the decision is rendered on a claim filed in
accordance with paragraph (f) of this section; or
(ii) The date six months after the date an administrative
claim is filed in accordance with paragraph (f) of this section.
(f) Procedures for an administrative claim--(1)Manner.  An
administrative claim for damages shall be sent in writing to the
district director (marked for the attention of the Chief, Special
Procedures Function) of the district in which the taxpayer
resides.
(2)  Form.  The administrative claim shall include--
(i) The name, current address, current home and work
telephone numbers and any convenient times to be contacted, and
taxpayer identification number of the taxpayer making the claim;
(ii) The grounds, in reasonable detail, for the claim
(include copies of any available substantiating documentation or
correspondence with the Internal Revenue Service);
(iii) A description of the injuries incurred by the taxpayer
filing the claim (include copies of any available substantiating
documentation or evidence);
(iv) The dollar amount of the claim, including any damages
that have not yet been incurred but which are reasonably
foreseeable (include copies of any available substantiating
documentation or evidence); and
(v) The signature of the taxpayer or the taxpayer's duly
authorized representative as defined in paragraph (f)(3) of this
section.

(3) Duly authorized representative.  For purposes of paragraph (f)(2)(v) of this section, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.
* * * * *

Michael P. Dolan
Deputy Commissioner of Internal Revenue

CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Beatriz T. Saiz
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated   *March 12th*              , 2007

*Melville K Turner*
Melville K Turner